Devin H. Fok, Esq. (SBN 256599)
devin@devinfoklaw.com
Joshua Kim, Esq. (SBN 257260)
joshua@devinfoklaw.com
**DHF LAW, P.C.**
2304 Huntington Drive, Suite 210
San Marino, CA 91108
Tel.:   (888) 651-6411
Fax:   (818) 484-2023

Attorneys for Plaintiff
TOBY JOEL WILLIAMS, as an individual

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TOBY JOEL WILLIAMS, as an individual<br><br>                Plaintiff(s),<br><br>   v.<br><br>DISA GLOBAL SOLUTIONS, INC.; SCHULTZ INDUSTRIAL SERVICES, INC.; HEALTH & SAFETY COUNCIL; and DOES 1 TO 10, Inclusive<br><br>                Defendant(s). | Case No. 3:25-cv-06678-TSH<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

### COMPLAINT

Plaintiff TOBY JOEL WILLIAMS (hereafter as "Plaintiff") hereby files his Complaint for Damages and Demand for a Jury Trial against Defendants DISA GLOBAL SOLUTIONS, INC.; SCHULTZ INDUSTRIAL SERVICES, INC.; HEALTH & SAFETY COUNCIL; and DOES 1-10 inclusive (hereafter collectively as "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1. Defendant DISA is a consumer reporting agency as defined in 15 U.S.C. §1681a(f) and an investigative consumer reporting agency §1786.2(d).

2. Defendant HASC is a consumer reporting agency as defined in 15 U.S.C. §1681(a)(f).

3. On information and belief, Plaintiff alleges that Defendant DISA, at all times relevant herein, maintains one or more databases containing results of drug tests of individual applicants in connection with the DISA Contractors Consortium ("Consortium"), regardless of how old the results are.

4. On information and belief, Plaintiff alleges that Defendant DISA and Defendant HASC, at all times relevant herein, share results of drug tests of individual applicants and that Defendant HASC also separately maintains one or more databases containing results of drug tests of individual applicants in connection with the North American Substance Abuse Program ("NASAP").

5. On information and belief, Plaintiff alleges that employers participating in the Consortium or NASAP have access to the result of an individual applicant's past drug test maintained in one or more of Defendant DISA's and Defendant HASC's databases and/or whether the applicant meets related standards in the form of an "active" or "inactive" status along with the date of the applicant's most recent drug test.

6. Defendant DISA set the individual applicant's status to "inactive" whenever the result of one or more of the applicant's past drug tests is not negative, regardless of the result of the applicant's most recent drug test and no matter how old the past results are.

7. On information and belief, Plaintiff alleges that employers participating in the Consortium or NASAP regularly deny entry to a job site or deny employment based on the information about the result of a past drug test and/or the "inactive" status furnished from Defendant DISA or Defendant HASC's database or databases maintained in connection with the Consortium or NASAP; and that Defendant DISA and Defendant HASC were also aware of the employers' practice.

8. On or about July 16, 2016, Plaintiff took a drug test in connection with employment at Harder Mechanical Contractors, Inc. administered by Defendant DISA. At the time, Plaintiff was asked to, but refused to, provide an additional test specimen.

9. On information and belief, on or about August 2, 2016, the result of Plaintiff's 2016 drug test was entered into one or more databases maintained by Defendant DISA and Defendant HASC in connection with the Consortium and NASAP as a refusal.

10. In 2023, Plaintiff applied for employment with Defendant Schultz Industrial Services, Inc. ("SIS"), for a job located in Rodeo, Contra Costa County, California.

11. On information and belief, Defendant SIS, at all times relevant herein, participated in the Consortium and/or NASAP.

12. On or about August 7, 2023, Plaintiff took a drug test, in connection with his employment application at SIS. Next day, the test came back clean.

13. On or about August, 8, 2023, Defendant DISA furnished a criminal history background check report to Defendant SIS on Plaintiff, which did not disclose any disqualifying information.

14. On information and belief, sometime on or about August 8, 2023, Defendant DISA and/or Defendant HASC provided information to Defendant SIS that Plaintiff was "inactive" solely because of the result of his 2016 drug test maintained in connection with the Consortium or NASAP. When Plaintiff showed up for work at a job site, Defendant SIS denied him entry because of the information that DISA furnished in connection with the Consortium.

15. Defendant DISA and/or Defendant HASC's disclosure of "inactive" status to an employer participating in the Consortium or NASAP constitutes a "consumer report" as defined in 15 U.S.C. §1681a(d).

16. Defendant DISA and/or Defendant HASC's disclosure of "inactive" status to an employer participating in the Consortium or NASAP constitutes an "investigative consumer report" as defined in Cal. Civ. C. §1786.2(c).

## THE PARTIES

17. Defendant Schultz Industrial Services, Inc. ("SIS") is an entity incorporated in California with its principal place of business located in Rancho Dominguez, Los Angeles County, California.

18. Defendant DISA Global Solutions ("DISA") is an entity incorporated in Delaware with its principal business located in Houston, Texas and registered as a foreign corporation in

California. It does business in California with entities with facilities located in California, providing information on individuals residing in California relating to employment for positions located in California.

19. Defendant Health & Safety Council ("HASC") is a 501(c)(3) trade association headquartered in Pasadena, Texas. On information and belief, Plaintiff alleges that its members include entities in California that employ individuals residing in California relating to employment for positions located in California.

20. Plaintiff Toby Williams, for all times relevant herein, is a resident of the State of California. He currently resides in the City of Concord in the County of Contra Costa.

## JURISDICTION AND VENUE

21. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise under the laws of the United States, specifically 15 U.S.C. § 1681 et seq.

22. Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## FAIR CREDIT REPORTING ACT

23. The Fair Credit Reporting Act ("FCRA") regulates dissemination and use of information "bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living." 15 U.S.C. §1681a(d)(1).

24. California's Investigative Consumer Reporting Agencies Act ("ICRAA") are the state equivalent of the FCRA.

25. The FCRA imposes a carefully-balanced system of requirements on users (such as Defendant SIS) and consumer reporting agencies (such as Defendants DISA and HASC) in order to ensure that consumer information is used "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. §1681(b).

26. For this reason, the FCRA generally prohibits inclusion of obsolete information in a consumer report (15 U.S.C. §1681c) and requires consumer reporting agencies to maintain a reasonable procedure to ensure "maximum possible accuracy" of reported information (15 U.S.C. §1681e(b)).

27. The FCRA also requires both the user and the consumer reporting agency to ensure that multiple notices are provided to the consumer when a consumer report is used for employment purposes.

    a. The consumer reporting agency must ensure that the user is aware of, and in compliance with, the following notice requirements by obtaining a certification from the user. 15 U.S.C. §1681b(b)(1); and

    b. Before taking an adverse action based on a consumer report, the user must provide the consumer with a copy of the report and a summary of the consumer's rights under the FCRA. 15 U.S.C. §1681b(b)(3).

28. When deprived of one or more notices required under the FCRA, a job applicant is likely deprived of a timely opportunity to review, dispute, and correct inaccurate or obsolete information that may adversely affect his employment.

## CLASS ACTION ALLEGATIONS

29. Pursuant to Federal Rules of Civil Procedure, Plaintiff assert claims on behalf of the following Classes:

    a. **Misleading Information Class:** All natural persons in the United States (1) who have records of two or more drug tests in Consortium database(s) maintained by Defendant DISA and/or Defendant HASC; (2) whose most recent test result is negative while one or more past results are not; (3) about whom Defendant DISA and/or Defendant HASC disclosed to one or more employers participating in the Consortium or NASAP that the person's status is "inactive" along with a date of the most recent drug test at any time after August 7, 2023.

    b. **Obsolete Information Class:** All natural persons in the United States about whom Defendant DISA and/or Defendant HASC disclosed to one or more employers participating in the Consortium or NASAP at any time after August 7, 2023 that the person's status is "inactive" based on the result of a drug test older than 7 years.

    c. **Adverse Action Class:** All natural persons in the United States who was denied entry to a job site or denied employment by an employer participating in the Consortium or NASAP at any time after August 7, 2023 because of his or her "inactive" status set by Defendant DISA.

        i. **SIS Subclass:** Those members of the Adverse Action Class who applied for employment with Defendant SIS.

30. There are over 20,000 companies participating in the DISA Contractors Consortium.[1] Defendant HASC also serves 3,000 member companies and 12,000 non-member companies.[2] Although the precise number of class members is unknown and can only be determined through discovery, Plaintiff alleges on information and belief that each of the proposed Misleading Information, Obsolete Information, and Adverse Information Classes numbers at least in thousands and is therefore so numerous that joinder of all members would be impractical.

31. Defendant SIS employees between 5,000 and 10,000 individuals and services a number of major clients such as California Resources, Marathon, Phillips 66, Chevron, PBF Energy, and Valero.[3] Although the precise number of class members is unknown and can only be determined through discovery, Plaintiff alleges on information and belief that the proposed Adverse Action Class numbers at least in hundreds and is therefore so numerous that joinder of all members would be impractical.

---

[1] *See* DISA Contractors Consortium webpage, *located at* https://disa.com/drug-testing/disa-contractors-consortium-dcc/.

[2] "About HASC," HASC webpage, *located at* https://www.hasc.com/about-hasc/.

[3] *See* Schultz Industrial Services LinkedIn page, *located at* https://www.linkedin.com/company/schultz-industrial-services/; Schultz brochure, *located at* https://www.brockgroup.com/_files/ugd/a4fb9b_134b5dc54e95440088fce759a16fe27a.pdf

32. Questions of law and fact common to the proposed Classes exist that predominate over questions affecting only individual members, including:

   a. Whether Defendant DISA and/or HASC's disclosure of "inactive" status based on a past drug test result to a member of the Consortium or NASAP such as Defendant SIS for determination of an applicant's eligibility to access a job site constitutes a consumer report under 15 U.S.C. §1681a(d).

   b. For the proposed **Misleading Information Class:**
      i. Whether the disclosure of an "inactive" status along with the date of a more recent and negative drug test is misleading and therefore inaccurate; and, if so, whether Defendant DISA and/or HASC's disclosure procedure violates 15 U.S.C. §1681e(b); and
      ii. Whether the violation is willful and/or reckless under 15 U.S.C. §1681n.

   c. For the proposed **Obsolete Information Class:**
      i. Whether the disclosure violates 15 U.S.C. §1681c(5) when the past drug test result antedates the disclosure by more than 7 years; and
      ii. Whether the violation is willful and/or reckless under 15 U.S.C. §1681n.

   d. For the proposed **Adverse Action Class:**
      i. Whether Defendant DISA and/or Defendant HASC failed to obtain a certification required under 15 U.S.C. §1681b(b)(1) from employers participating in the Consortium or NASAP; and
      ii. Whether the violation is willful and/or reckless under 15 U.S.C. §1681n.

   e. For the proposed **SIS Subclass:**
      i. Whether Defendant SIS failed to provide a member of the class with a notice required under 15 U.S.C. §1681b(b)(3) prior to denying him or her entry to a job site or denying employment based on an "inactive" status disclosed by Defendant DISA and/or Defendant HASC; and
      iii. Whether the violation(s) are willful and/or reckless under 15 U.S.C. §1681n.

33. Plaintiff is a member of the proposed Classes, and the claims asserted by Plaintiff in this action are typical of the claims of the members of each proposed Class as the claims arise from the same source of conduct by Defendant(s) and the relief sought is common.

34. Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed Classes, as their interests are consistent with, and not antagonistic to, the other members of the Classes.

35. Plaintiff has retained counsel competent and experienced in both FCRA and class action litigation.

36. Certification of the Classes is appropriate pursuant to Federal Rules of Civil Procedure 23(b)(3) because questions of law or fact common the respective members of each Class predominate over questions of law or fact affecting only individual members. This predominance makes class litigation superior to any other method available for the fair and efficient adjudication of these claims including consistency of adjudications. Absent a class action, it would be unlikely that many members of the Classes would be able to protect their own interests because the cost of litigation through individual lawsuits might exceed the expected recovery.

37. A class action is a superior method for the adjudication of the controversy in that it will permit a large number of claims to be resolved in a single forum simultaneously, efficiently, and without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense, and the burden of the courts that individual actions would create.

## Cause of Action I: 15 USC 1681e
### (Misleading Information Class against DISA and HASC)

38. Subsection (b) of 15 U.S.C. §1681e mandates that a consumer reporting agency maintain a reasonable procedure to ensure the maximum possible accuracy of consumer information included on a consumer report.

39. Defendants DISA and/or HASC's concurrent disclosure of "inactive" status based on a failed drug test in the past along with the date of the most recent and successful drug test implies that the result of the most recent drug test was a failure and is therefore misleading.

40. Because it is Defendant DISA and/or HASC's policy to maintain and disclose the "inactive" status regardless of subsequent test results, Defendants knew, or should have known, that its policy would lead to the disclosure of misleading information concerning Plaintiff and members of the Misleading Information Class.

41. Defendant DISA and/or HASC's disclosure policy is therefore a willful and/or reckless violation of subsection (b) of 15 U.S.C. §1681e, and Plaintiff and members of the Misleading Information Class seek an award of statutory damages under 15 U.S.C. §1681n.

## Cause of Action II: 15 USC 1681c
## (Obsolete Information Class against DISA and HASC)

42. Subsection (a) of 15 U.S.C. §1681c prohibits a consumer reporting agency from making a consumer report containing obsolete information that antedates the report by more than 7 years.

43. Defendant DISA and/or HASC's disclosure of "inactive" status based on the result of a failed drug test is equivalent to disclosure of the failed drug test itself, and the disclosure of "inactive" status based on a past test older than 7 years violates subsection (a) of 15 U.S.C. §1681c.

44. Because it is Defendant DISA and/or HASC's policy to use the result of a past drug test for the purpose of setting an individual applicant's status even if the result is more than 7 years old, Defendants knew, or should have known, that its policy would lead to disclosure of obsolete information concerning Plaintiff and members of the Obsolete Information Class.

45. Defendant DISA and/or HASC's disclosure policy is therefore a willful and/or reckless violation of subsection (a) of 15 U.S.C. §1681c, and Plaintiff and members of the Obsolete Information Class seek an award of statutory damages under 15 U.S.C. §1681n.

## Cause of Action III: 15 USC 1681b(b)(1)
## (Adverse Action Class against DISA and HASC)

46. Paragraph (1) of subsection (b) of section 1681b of Title 15 of the United States Code mandates that, prior to furnishing a consumer report for employment purposes, a consumer reporting

agency obtain a certification from the employer that the employer has complied with 15 U.S.C. §1681b(b)(2) (stand-alone disclosure) and will comply with 15 U.S.C. §1681b(b)(3) before taking an adverse action based on the report.

47. On information and belief, Plaintiff alleges that Defendant DISA and/or HASC did not, and does not, obtain the required certification from an employer participating in the Consortium or NASAP such as Defendant SIS in connection with its disclosure of an "inactive" status of a job applicant based on the result of a drug test to the employer.

48. Defendant DISA and/or HASC knew, or should have known, that the statute requires Defendants to obtain the required certification in connection with its disclosure of an "inactive" status of Plaintiff and members of the Adverse Action Class based on the result of a drug test to an employer participating in the Consortium or NASAP such as Defendant SIS.

49. As a result of Defendant DISA and/or HASC's violation, employers participating in the Consortium or NASAP such as Defendant SIS are denied the notice that Defendants' disclosure of an "inactive" status is a consumer report that requires the employers to comply with 15 U.S.C. §1681b(b)(3), thereby contributing to their failure to provide the notices required under those statutory sections to Plaintiff and members of the Adverse Action Class.

50. Defendant DISA and/or HASC's disclosure policy is therefore a willful and/or reckless violation of paragraph (1) of subsection (b) of section 1681b of Title 15 of the United States Code, and Plaintiff and members of the Adverse Action Class seek an award of statutory damages under 15 U.S.C. §1681n.

**Cause of Action IV: 15 USC 1681b(b)(2)**

**(Removed)**

**Cause of Action V: 15 USC 1681b(b)(3)**

**(SIS Subclass against SIS)**

51. Paragraph (3) of subsection (b) of section 1681b of Title 15 of the United States Code mandates that, before taking an adverse action based on a consumer report, an employer must provide a copy of the consumer's rights under the FCRA and a copy of the report.

52. The statute requires that Defendant SIS provide a job applicant or employee with a copy of his rights under the FCRA and a copy of his "inactive" status and associated information before denying him entry to a job site or employment based on the "inactive" status.

53. Defendant SIS never provided Plaintiff with a written notice of his rights under the FCRA or a copy of his "inactive" status and associated information before denying him entry to a job site based on the "inactive" status.

54. On information and belief, Plaintiff alleges that it is Defendant SIS's policy not to provide the copies required under 15 U.S.C. §1681(b)(3) to any of its job applicants before denying him entry to a job site based on his "inactive" status.

55. Defendant SIS knew, or should have known, that the statute requires that it provide Plaintiff and members of the SIS Subclass with the copies required under 15 U.S.C. §1681(b)(3) before denying them entry to a job site or employment.

56. Defendant SIS's lack of any policy or procedure regarding the required copies is therefore a willful and/or reckless violation of paragraph (3) of subsection (b) of section 1681b of Title 15 of the United States Code, and Plaintiff and members of the Adverse Action Class seek an award of statutory damages under 15 U.S.C. §1681n.

### Cause of Action VI: Cal. Civ. C. §1786.18(a)
### (Plaintiff individually against DISA)

57. Subsection (a) of section 1786.18 of the California Civil Code prohibits an investigative consumer reporting agency from making an investigative consumer report containing obsolete information that antedates the report by more than 7 years.

58. Defendant DISA's disclosure of Plaintiff's "inactive" status based on the result of his 2016 drug test is equivalent to disclosure of the failed drug test itself, and the disclosure of "inactive" status based on a past test older than 7 years violates subsection (a) of 15 U.S.C. §1681c.

59. Defendant DISA's 2023 disclosure of Plaintiff's "inactive" status based solely on the result of his 2016 drug test violates the statutory probation against reporting obsolete information.

60. Because it is Defendant DISA's policy to use the result of a past drug test for the purpose of setting an individual applicant's status even if the result is more than 7 years old, Defendants

DISA knew, or should have known, that its policy would lead to disclosure of obsolete information concerning Plaintiff.

61. Defendant DISA's disclosure policy is therefore a willful and/or grossly negligent violation of subsection (a) of section 1786.18 of the California Civil Code, and Plaintiff seeks an award of actual, statutory, and punitive damages under Cal. Civ. C. §1786.50.

## Cause of Action VII: Cal. Civ. C. §§1786.16(b), 1786.40

### (Plaintiff individually against SIS)

62. Subsection (b) of section 1786.16 of the California Civil Code mandates that an employer provide a box on a written form for an applicant to check and indicate that the applicant wishes to receive a copy of any report prepared for the employer about the applicant; and that, if the applicant indicates that he wishes to receive a copy, the employer provide a copy within 3 business days.

63. In violation of Cal. Civ. C. §1786.16(b), Defendant SIS never provided Plaintiff with a box on a written form to indicate that he wishes to receive a copy of the "inactive" status and associate information furnished by Defendant DISA and/or HASC to Defendant SIS; and that, if such a box was provided, Plaintiff would have checked it to indicate his wishes to receive a copy of the information and that Defendant SIS never provided him with such a copy.

64. Subsection (a) of section 1786.40 of the California Civil Code mandates that, an employer, whenever denying employment to an applicant and a report was prepared for the applicant by an investigative consumer reporting agency, advise the applicant with the name and address of the agency making the report.

65. In violation of Cal. Civ. C. §1786.40(a), Defendant SIS never advised Plaintiff of the name and address of Defendant DISA after relying on the "inactive" status furnished by Defendant DISA to deny him entry to a job site.

66. Subsection (b) of section 1786.40 of the California Civil Code mandates that an employer, whenever denying employment to an applicant and a report was prepared for the applicant by a person other than an investigative consumer reporting agency, clearly and accurately disclose

to the applicant his or her right to make a written request for the nature and substance of information that formed the basis of the adverse action.

67. In violation of Cal. Civ. C. §1786.40(b), Defendant SIS never disclosed to Plaintiff his right to make a written request for the nature and substance of information furnished by Defendant HASC and formed the basis of Defendant SIS's denial of entry to a job site.

68. On information and belief, Plaintiff alleges that Defendant SIS does not have a policy or procedure to comply with the requirements under Cal. Civ. C. §§1786.16(b), 1786.40(a), and/or 1786.40(b).

69. Defendant SIS's violation(s) of Cal. Civ. C. §§1786.16(b), 1786.40(a), and/or 1786.40(b) is therefore willful and/or grossly negligent, and Plaintiff seeks an award of actual, statutory, and punitive damages under Cal. Civ. C. §1786.50.

### PRAYER FOR RELIEF

70. WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

   a. For an order certifying proposed Classes and appointing Plaintiff and his counsel as the representative and class counsel for the proposed Classes;
   b. For a declaration that Defendants' practices violate the FCRA;
   c. For a declaration that Defendant DISA and/or SIS's practices also violate the ICRAA;
   d. For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against all Defendants;
   e. For interest upon such damages as permitted by law;
   f. For an award of reasonable attorneys' fees provided by law under all applicable statutes;
   g. For the costs of the lawsuit;
   h. For injunctive relief as applicable; and
   i. For such other orders of the Court and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

71. Plaintiff hereby requests and demands a jury trial on all issues triable by jury.

Dated: November 25, 2025                    **DHF LAW, P.C.**

By _____
Devin H. Fok, Esq.
Joshua Kim, Esq.
Attorneys for Plaintiff
TOBY JOEL WILLIAMS, as an individual