UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOBY JOEL WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>DISA GLOBAL SOLUTIONS, INC., et al.,<br><br>Defendants. | Case No. 25-cv-06678-AMO<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO STRIKE AS MOOT**<br><br>Re: Dkt. No. 39 |

Plaintiff Toby Joel Williams ("Williams") sues under the Fair Credit Reporting Act ("FCRA") and California's state statute equivalent.  Before the Court are Defendant Schultz Industrial Services, Inc.'s ("Schultz") motion to dismiss and motion to strike.  The matters are fully briefed and suitable for decision without oral argument.  Accordingly, the hearing set for July 30, 2026, is **VACATED**.  *See* Civil L.R. 7-6; Fed. R. Civ. P. 78(b).  Having read the parties' papers and carefully considered their arguments therein, as well as the relevant legal authority, and good cause appearing, the Court **GRANTS** the motion to dismiss with leave to amend and **DENIES** the motion to strike as moot for the following reasons.

## I.    BACKGROUND[1]

On July 16, 2016, Williams took a drug test administered by Defendant DISA Global Solutions, Inc. ("DISA").  SAC ¶ 8.  DISA asked Williams to provide an additional test specimen, but Williams refused.  *Id.*  On August 2, 2016, the result of Williams's 2016 drug test was entered into one or more databases maintained by DISA and Defendant Health & Safety Council as a

---

[1] These facts are drawn from the allegations in Williams's second amended complaint, Dkt. No. 37, which the Court accepts as true and construes in the light most favorable to Williams.  *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

United States District Court
Northern District of California

refusal, and his status was listed as "inactive" which signals that a drug test result was "not negative." *See id.* ¶¶ 5, 6, 9, 14.  In 2023, Williams applied for a job with Schultz.  *Id.* ¶ 10.  On August 7, 2023, Williams took a drug test which came back "clean."  *Id.* ¶ 12.  On August 8, 2023, DISA and/or Health & Safety Council provided information to Schultz that Williams was "inactive" solely because of the result of his 2016 drug test.  *Id.* ¶ 14.  When Williams showed up for work at a Schultz job site, Schultz denied him entry because of information which DISA provided to Schultz.  *Id.*  Schultz "never provided [Williams] with a written notice of his rights under the FCRA or a copy of his 'inactive' status and associated information before denying him entry to a job site."  *Id.* ¶ 53.  Schultz also "never advised [Williams] of the name and address of Defendant DISA[.]"  *Id.* ¶ 65.

Williams filed suit against Defendants Schultz, DISA, and Health & Safety Council on August 7, 2025.  Dkt. No. 1.  On November 25, 2025, Williams filed an amended complaint.  Dkt. No. 22.  On December 9, 2025, Schultz filed a motion to dismiss and a motion to strike.  Dkt. Nos. 23, 24.  On December 23, 2025, Williams filed a motion for leave to file a second amended complaint.  Dkt. No. 31.  Schultz did not oppose Williams's motion to amend.  *See* Dkt. No. 32 at 2.  On February 2, 2026, the Court granted Williams's motion to file a second amended complaint and terminated the pending motion to dismiss and motion to strike as moot in light of the amendment.  Dkt. No. 36.  On February 2, 2026, Williams filed a second amended complaint. Dkt. No. 37.  The second amended complaint brings six causes of action: (1) violation of FCRA, 15 U.S.C. § 1681e (class claim against DISA and Health & Safety Council), (2) violation of FCRA, 15 U.S.C. § 1681c (class claim against DISA and Health & Safety Council), (3) violation of FCRA, 15 U.S.C. § 1681b(b)(1) (class claim against DISA and Health & Safety Council), (4) violation of FCRA, 15 U.S.C. § 1681b(b)(3) (class claim against Schultz), (5) violation of Cal. Civil Code § 1786.18(a) (individual claim against DISA), and (6) violation of Cal. Civil Code §§ 1786.16(b), 1786.40 (individual claim against Schultz).  *Id.*  On February 13, 2026, Schultz filed a motion to dismiss and a motion to strike.  Dkt. Nos. 38, 39.  The motions are fully briefed.

## II.   DISCUSSION

The Court first takes up Schultz's motion to dismiss and then turns to the motion to strike.

United States District Court
Northern District of California

2

### A. Motion to Dismiss

Schultz moves to dismiss pursuant to (1) Federal Rule of Civil Procedure 12(b)(1) arguing that Williams lacks Article III standing and (2) Federal Rule of Civil Procedure 12(b)(6) arguing that Williams fails to state a claim upon which relief can be granted. *See generally* Dkt. No. 39. Because standing is dispositive of the motion to dismiss, the Court reaches only Schultz's standing argument.

#### i. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) attacks a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Standing is a necessary element of federal-court jurisdiction" and a "threshold question in every federal case." *Thomas v. Mundell*, 572 F.3d 756, 760 (9th Cir. 2009) (citations omitted). To establish standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)); *see Planned Parenthood of Greater Wash. & N. Idaho v. U.S. Dep't of Health & Human Servs.*, 946 F.3d 1100, 1108 (9th Cir. 2020). Plaintiffs invoking federal jurisdiction bear the burden of establishing the existence of Article III standing and, at the pleading stage, "must clearly [ ] allege facts demonstrating each element." *Spokeo v. Robins*, 578 U.S. 330, 338 (2016) (internal quotation marks and citation omitted).

#### ii. Analysis[2]

Schultz argues that the Court lacks subject matter jurisdiction over this case because Williams failed to establish that he has standing to bring this action against Schultz. Dkt. No. 39 at 14. Specifically, Schultz contends that Williams failed to allege that he suffered an injury in fact as a result of Schultz's conduct. *Id.* "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). In other

---

[2] The Court recognizes that Schultz requested the Court take judicial notice of six documents. Dkt. No. 38-1. Williams opposes Schultz's request. Dkt. No. 43 at 15-16. Because the documents are irrelevant to the Court's standing analysis, the Court DENIES Schultz's request for judicial notice as moot.

United States District Court
Northern District of California

words, a plaintiff does not "automatically satisfy the injury-in-fact requirement whenever a statute" grants them the right to sue; instead they still must allege a "concrete" harm that is more than a "bare procedural violation." *Id.* Accordingly, even if Williams adequately alleged that Schultz violated FCRA and California Civil Code sections 1786.16(b) and 1786.40, Williams must still establish he suffered a concrete harm from the violations. *TransUnion*, 594 U.S. at 426-27 (a lawsuit based only on a bare statutory violation "may not proceed because the plaintiff has not suffered any physical, monetary, or cognizable intangible harm traditionally recognized as providing a basis for a lawsuit in American courts.").

Schultz argues that Williams did not plead he suffered any harm because of Schultz's alleged failure to supply Williams with a copy of the drug test results. Dkt. No. 39 at 16 (citing *Dutta v. State Farm Mutual Automobile Insurance Company*, 895 F.3d 1166 (9th Cir. 2018)). In *Dutta*, the Ninth Circuit affirmed the district court's granting of summary judgment for defendant on standing grounds in a case alleging that defendant denied plaintiff employment due to a negative credit report without providing plaintiff with sufficient notice as required under FCRA. 895 F.3d at 1169. Plaintiff lacked standing because, although he alleged that defendant failed to provide him with notice, the credit report relied upon by defendant contained accurate information which disqualified him from employment with defendant. *Id.* at 1175-1176. Thus, even if plaintiff had received adequate notice from defendant, it would not have altered defendant's decision to deny plaintiff employment. *See id.* (holding that the accurate disqualifying information "made all of the inaccuracies or explanations [plaintiff] wanted to present to [defendant] immaterial."). The same is true here. Williams admits that he refused a drug test in 2016 which led to his inactive status and that he was denied employment with Schultz because of his inactive status. SAC ¶¶ 8, 14.

Williams argues that he suffered harm because, if he received notice, he would have challenged the accuracy of the drug test report as he received a "clean" drug test after his 2016 refusal which made the inactive status report inaccurate. Dkt. No. 43 at 6-7. But this allegation is not included anywhere in Williams's complaint, *see generally* SAC, and therefore the Court will not consider it, *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("courts, when ruling on a

United States District Court
Northern District of California

motion to dismiss, must disregard facts that are not alleged on the face of the complaint"). Accordingly, Williams has failed to carry his burden of establishing that he suffered an injury-in-fact because he has not identified, in his complaint, harm he suffered as a result of Schultz's alleged failures. *See Lee v. Hertz Corporation*, 2016 WL 7034060, at *6 (N.D. Cal. Dec. 2, 2016) (finding no injury-in-fact in part because plaintiff did not allege that timely receipt of a consumer report would have allowed plaintiff to successfully contest defendant's employment decision).

Williams requests that, if the Court grants Schultz's motion to dismiss, the Court allow Williams leave to amend. Dkt. No. 43 at 16. Courts dismissing a complaint should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts may deny leave to amend "only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). At this stage, the Court cannot determine as a matter of law that amendment would prove futile. Williams may be able to amend his complaint to show that he suffered a concrete injury. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile."). Accordingly, the Court will grant Williams leave to amend his complaint.

### B. Motion to Strike

Because the Court grants Schultz's motion to dismiss with leave to amend, it **DENIES** Schultz's motion to strike as moot without prejudice to its renewal. *See Berube v. HSBC Bank USA*, No. C 09-127 JF(PVT), 2009 WL 742772, at *1 (N.D. Cal. Mar. 18, 2009) (denying motion to strike as moot after granting motion to dismiss with leave to amend); *Giordano v. Wachovia Mortg., FSB*, No. 5:10-CV-04661-JF, 2011 WL 1130523, at *4 (N.D. Cal. Mar. 25, 2011) (same). Schultz may file a renewed motion to strike, if appropriate, when Williams files an amended complaint.

United States District Court
Northern District of California

**III.   CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Schultz's motion to dismiss with leave to amend and **DENIES** Schultz's motion to strike.  Williams **MAY** file an amended complaint no later than July 17, 2026.  No additional parties or claims may be added without leave of Court or stipulation of Defendant.

**IT IS SO ORDERED.**

Dated: June 26, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

6