UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOBY JOEL WILLIAMS, | Case No. 25-cv-06678-AMO |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR SANCTIONS WITHOUT PREJUDICE** |
| DISA GLOBAL SOLUTIONS, INC., et al., | Re: Dkt. No. 46 |
| Defendants. | |

Before the Court is Defendant Schultz Industrial Services, Inc.'s ("Schultz") motion for sanctions. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for July 30, 2026, is VACATED. *See* Civil L.R. 7-6; Fed. R. Civ. P. 78(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court DENIES Schultz's motion for sanctions without prejudice for the following reasons.

Schultz moves for sanctions pursuant to Federal Rule of Civil Procedure 11 arguing that Plaintiff Toby Joel Williams's complaint is factually and legally baseless, that counsel failed to engage in a reasonable investigation prior to filing suit, and that Williams failed to withdraw his claims after Schultz informed him the claims were baseless. Dkt. No. 46 at 7-8. Where a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (quoting *Christian v. Mattel*, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002)) (internal quotation marks omitted). Here, the resolution of Schultz's motion for sanctions based on the complaint "would require the Court to

*United States District Court*
*Northern District of California*

make substantial factual and legal determinations based on the limited record before it." *Ward v. Jump Trading, LLC*, No. 25-CV-03989-PHK, 2026 WL 145846, at *14 (N.D. Cal. Jan. 20, 2026). This Court, like others, " 'declines to enter this fact-based thicket' at this [early] stage of the proceedings." *Id.* (quoting *MI-94, LLC v. Chemetall US, Inc.*, No. 2:23-cv-00647-CDSDJA, 2023 WL 8186618, at *5 (D. Nev. Nov. 27, 2023)).  Instead, Rule 11 sanctions would be more appropriately addressed once the pleadings are settled in this action or at the conclusion of the litigation.  *Ward*, 2026 WL 145846, at *14 (citing Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment ("The time when sanctions are to be imposed rests in the discretion of the trial judge.  However, it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation.") and *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 385 (1990) (Rule 11 sanctions determination may be made "after the principal suit has been terminated")).  "Courts within the Ninth Circuit routinely defer Rule 11 motions regarding the pleadings until the case is resolved on its merits."  *MI-94*, 2023 WL 8186618, at *5 (collecting cases).  The Court follows that course here and accordingly DENIES Schultz's motion for Rule 11 sanctions without prejudice.

Further, the Court notes that Williams requests the Court award him "reasonable attorneys' fees incurred in opposing" the motion for sanctions in the amount of $15,800 and "whatever sanction or admonition the Court deems sufficient to deter repetition."  Dkt. No. 47 at 21.  The Court similarly DENIES Williams's request as premature.

In summary, the Court DENIES without prejudice both Schultz's motion for sanctions and Williams's request for an award of fees in connection with this motion.

**IT IS SO ORDERED.**

Dated: June 26, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**

United States District Court
Northern District of California

2